IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MIKE RUTLEDGE**                                                              **PETITIONER**

**V.**                                                                   **NO. 1:23-CV-00161-GHD-DAS**

**PRENTISS COUNTY, ET AL.**                                       **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Mike Rutledge for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as barred under the doctrine of procedural default. The petitioner has failed to respond to the motion, and the time for doing so has passed. Thus, the matter is now ripe for resolution. For the reasons set forth below, the instant petition will be dismissed with prejudice as barred under the doctrine of procedural default.

## Procedural Background

Petitioner Mike Rutledge is currently in the custody of the Mississippi Department of Corrections and housed at the Winston County Correctional Facility located in Woodville, Mississippi. Doc. # 1. In November of 2017, a Grand Jury in the Circuit Court of Prentiss County indicted Rutledge on charges of capital murder during the course of a kidnapping and possession of a weapon by a convicted felon. Doc. # 11-1 at 70-71. The indictment noted that Rutledge had a 2015 conviction for Burglary of a Dwelling. *See id.* at 71.

Rutledge pleaded guilty to the capital murder charge, and, in exchange, the State retired the charge for possession of a weapon by a felon to the files. *See* Doc. # 10-1. The trial court sentenced Rutledge to a term of life imprisonment without eligibility for parole on the capital murder conviction and ordered the life sentence to run consecutively to the burglary sentence

Rutledge was already serving at the time he entered his guilty plea on the capital murder charge. *Id.*

Rutledge filed a *pro se* motion to withdraw his guilty plea on June 26, 2020. Doc. # 10-2. In support, Rutledge argued that (1) the life-without-parole sentence was unconstitutional and illegal; (2) the indictment was faulty; and (3) he was deprived of his right to an arraignment. *Id.* By Order dated March 8, 2021, the trial court denied Rutledge's motion, finding in pertinent part, as follows:

> [Rutledge] petitions this Court to allow his guilty plea to be withdrawn, by making assertions which are unsupported by argument or evidence. While Defendant cites a handful of rules of criminal procedure in support of his contentions, there is no argument presented which shows why this Court should exercise its discretion and allow withdrawal of the guilty plea in this cause and no authority which shows that [Rutledge's] sentence is an illegal one. On the contrary, the record in the case *sub judice* contains transcripts of [Rutledge's] arraignment and guilty plea colloquy, which contain unimpeachable documentary evidence against the denials [Rutledge] alleges. Specifically, the transcript to the arraignment shows that [Rutledge] was arraigned pursuant to MRCrP 15.1(b) and that [Rutledge] waived his right to contest the validity of his Indictment by entering his guilty plea. The Court of Appeals has previously held that "[w]here the defendant's claims are in contradiction to the record, the trial judge may rely heavily on statements which were made under oath." *Sherrod v. State*, 784 So.2d 256, 260 (Miss. Ct. App. 2001). Furthermore, even though the State failed to respond in support or opposition to the present Motion, the Court finds that [Rutledge] has failed to show good cause for the withdrawal of his guilty plea and that the Court will not exercise its discretion in allowing said plea to be withdrawn. Therefore, the Court finds that [Rutledge's] Motion to Withdraw Guilty Plea is not well-taken and shall be **DENIED**.

Doc. # 10-3 at 2-3.

On December 23, 2020, Rutledge filed a *pro se* "Motion for Post-Conviction Collateral Relief" ("PCR motion") in the Prentiss County Circuit Court. Doc. # 11-1 at 7-12. Over the course of several months, Rutledge filed a number of "addendums" to his motion. *See* Doc. # 11-1 at 20-31, 81-85, 93-96, 125-128. In his motion and addendums, Rutledge raised a myriad of issues, including the following: involuntary plea (Doc. # 11-1 at 8, 125), ineffective assistance of counsel

2

(Doc. # 11-1 at 8), speedy trial violation (Doc. # 11-1 at 8), newly-discovered evidence (Doc. # 11-1 at 20, 93), lack of a mental evaluation (Doc. # 11-1 at 10, 20-21), and breach of plea agreement (Doc. # 11-1 at 81). The trial court entered an Order denying Rutledge's PCR Motion on April 8, 2022. Doc. # 10-4.

Rutledge appealed the trial court's denial of his PCR motion, *see* Doc. # 11-3 at 104, but he abandoned his arguments raised in the trial court and instead raised a single issue on appeal: the validity of his 2015 burglary conviction. *See* Doc. # 11-5 at 1-3. The Mississippi Court of Appeals explained that this was the first time Rutledge had presented his claim challenging the validity of his 2015 burglary conviction and, consequently, held that the claim was procedurally barred. *Rutledge v. State*, 359 So. 3d 668, 669 (Miss. Ct. App. 2023). The state appellate court, therefore, affirmed the trial court's order denying Rutledge's PCR motion. *Id.* The mandate issued on May 9, 2023. Doc. # 11-4 at 2. A review of the Mississippi Supreme Court's electronic docket confirms that Rutledge failed to seek further review of the Mississippi Court of Appeals' decision.[1]

Rutledge's instant petition for federal habeas corpus relief was stamped as "received" by the Court on November 14, 2023. Doc. # 1. Rutledge asserts three grounds for relief in the instant petition: (1) involuntary plea; (2) breach of plea agreement; and (3) no mental evaluation. *Id.* On January 3, 2024, the Court entered an order directing Respondent to answer Rutledge's petition on or before March 18, 2024. Doc. # 8. On March 18, 2024, Respondents moved to dismiss Rutledge's petition as procedurally defaulted. Doc. # 10. To date, no response has been filed.

---

[1] *See* Mississippi Supreme Court website, https://courts.ms.gov (General Docket search of "Mike Rutledge" yields no petition for certiorari nor motion for rehearing filed by Rutledge re the Mississippi Court of Appeals' April 18, 2023 decision) (last accessed on April 15, 2024).

### The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking habeas corpus relief fails to exhaust an issue in state court—and no more avenues exist to do so—under the doctrine of procedural default that issue cannot be raised in a federal habeas corpus proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "[w]hen a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001) (citations omitted). This doctrine is known as procedural bar.

### Cause and Prejudice—and Fundamental Miscarriage of Justice— As Ways to Overcome Procedural Default and Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome the barriers remain the same. First, the petitioner can overcome the procedural default or bar by showing cause for it—and actual prejudice from its application. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). For a finding of cause, "there must be something *external* to the petitioner, something that cannot be fairly be attributed to him" which prevented him from raising and discussing the claims as grounds for relief in state court. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)(emphasis in original). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).

Even if a petitioner cannot meet the cause and prejudice standard, he may still overcome the procedural default or bar if he can show that a fundamental miscarriage of justice would result if the default or bar were applied. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d

4

635, 644 (5th Cir. 1999) (citations omitted). Further, he must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644 (citations omitted).

## Discussion

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement, a federal habeas petitioner must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to pass upon the claims. *See O' Sullivan v. Boerckel*, 526 U.S. 838 (1999). Here, Rutledge did not present any of the three claims raised in the instant federal habeas petition to the state appellate court. To be clear, Rutledge raised these claims in his PCR motion before the trial court, but, when he appealed the trial court's order denying his PCR motion, he abandoned those claims and instead challenged the validity of his 2015 burglary conviction. *See Rutledge v. State*, 359 So. 3d at 668-669. Consequently, Rutledge failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Moreover, as Rutledge has already filed a PCR motion as to his capital murder conviction and appealed the denial of that motion, he no longer has an available state avenue through which to properly present these claims. Any attempt by Rutledge to file a second PCR motion on his capital murder conviction would be subject to dismissal as procedurally barred as a successive writ. Mississippi courts have routinely applied the successive writ bar, *see Chancellor v. Mississippi, et al.*, 129 F. App'x 878 (5th Cir. 2005), and the Fifth Circuit has consistently

5

reaffirmed that Mississippi's successive writ provisions are independent and adequate procedural bars. *See Spicer v. Cain*, 2021 WL 4465828, at *3 (5th Cir. Sept. 29, 2021).

As such, Rutledge has defaulted these claims and they are procedurally barred from federal habeas review. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review").

Thus, in order to obtain habeas review of his defaulted claims, Rutledge must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Rutledge has not demonstrated cause for his failure to raise his claims regarding involuntary plea, breach of plea agreement, and lack of a mental evaluation to the Mississippi Court of Appeals (on appeal from the trial court's denial of his PCR motion). More to the point, Rutledge has failed to demonstrate cause for his total abandonment of these claims when he appealed the trial court's denial of his PCR motion.

Rutledge concedes that he failed to exhaust these claims in Mississippi's highest court and alleges, in conclusory fashion, that "[he] do[es] not know how to file and ha[s] no money for a lawyer." Doc. #1 at 12. The Court finds no merit to this assertion because a review of the state court record shows that, despite his lack of funds and legal knowledge, Rutledge managed to file a litany of *pro se* pleadings in both trial and appellate courts. Thus, Rutledge clearly has been

afforded access to legal assistance, case law, and other legal materials during his incarceration. *See e.g., Neal v. Bradley*, No. 2:05CV67-M-B, 2006 WL 2796404, at *4 (N.D. Miss. Sept. 25, 2006). And, more importantly, this argument fails because "neither *pro se* status nor ignorance of the law is sufficient to excuse a procedural default." *See Bell v. Miss. Dep't of Corr.*, No. 3:10CV711-HTW-LRA, 2011 WL 2604737, at *3 (S.D. Miss. June 13, 2011), *report and recommendation adopted*, 2011 WL 2601601 (S.D. Miss. June 30, 2011) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)); *accord Williams v. Morris*, No. 1:20CV220-LG-MTP, 2021 WL 2150713, at *2 (S.D. Miss. Apr. 26, 2021), *report and recommendation adopted*, 2021 WL 2149202 (S.D. Miss. May 26, 2021) (holding same).

Because he has failed to demonstrate cause, the Court need not question whether there is prejudice. *See Martin*, 98 F.3d at 849. Moreover, there has been no showing that failure to consider these claims would result in a fundamental miscarriage of justice. Rutledge has not alleged, much less proven, that, as a factual matter, he did not commit the crime of conviction, nor has he identified any new, reliable evidence to support his claims. *See Fairman*, 188 F.3d at 644. Accordingly, Rutledge's claims are not cognizable for federal habeas review.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Rutledge must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Rutledge must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

7

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth above, Respondents' Motion to Dismiss [10] will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice** as barred under the doctrine of procedural default. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 16th day of April, 2024.

_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**